UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALBERT F. WEST,

        Petitioner,

    v.                                      Case No. 21-C-1349

CHERYL EPLETT,

        Respondent.

---

## SCREENING ORDER

---

On November 22, 2021, Petitioner Albert West, who is currently incarcerated at Oshkosh Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Fond du Lac County Circuit Court of one count of delivery of cocaine as a repeater. He was sentenced to four years of initial confinement and three years of extended supervision.

Petitioner filed with his petition a request to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, Petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

Petitioner asserts that the trial court erroneously exercised its sentencing discretion in violation of his right to due process. The exercise of sentencing discretion by a state judge is generally a matter of state law and is not cognizable in federal habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). While it may be a violation of due process to sentence a criminal defendant in reliance on materially false information, *Ben–Yisrayl v. Buss*, 540 F.3d 542, 554 (7th Cir. 2008) (citing *Townsend v. Burke*, 334 U.S. 736 (1948); *United States v. Tucker*, 404 U.S. 443 (1972)), Petitioner has not alleged any facts supporting such a claim. His petition does not identify any allegedly inaccurate information upon which the sentencing court relied. Therefore, the trial court's sentencing decision is not subject to federal habeas review.

Petitioner also asserts that the trial court was "objectively biased" at sentencing. "The Due Process Clause guarantees litigants an impartial judge, reflecting the principle that 'no man is permitted to try cases where he has an interest in the outcome.'" *Franklin v. McCaughtry*, 398 F.3d 955, 959 (7th Cir. 2005) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). "The general presumption is that judges rise above any potential biasing influences." *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The presumption is rebuttable, however, and to prove disqualifying bias "a petitioner must offer either direct evidence or a possible temptation so severe that we might presume an actual, substantial incentive to be biased." *Franklin*, 398 F.3d at 960 (internal quotation marks and citation omitted).

Due process is violated when "the judge has a direct, personal, substantial, or pecuniary interest." *Id.* at 959 (citation omitted).

Petitioner alleges that the trial court indicated at sentencing that it was imposing a term of initial confinement greater than three years because it had already imposed a three-year sentence for Petitioner for a crime that had occurred in 2004. Dkt. No. 1 at 6–7. This statement does not demonstrate actual bias. To the contrary, it reflects the common-sense notion that when a lesser sentence has no effect on a defendant's criminal conduct, a longer sentence may be called for in order to serve the sentencing goals of deterrence, protection of the public, and rehabilitation. Petitioner has not asserted facts that support a claim of bias in violation of due process. Petitioner also requests that the Court review the claims he asserted in his direct appeal and post-conviction proceeding in state court, but he has neither specified which grounds he believes the Court should review nor stated any facts supporting those grounds.

"Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." 28 U.S.C. § 2254, Rule 2(c); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the

3

Case 1:21-cv-01349-WCG   Filed 11/29/21   Page 3 of 5   Document 5

> prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

Given the requirement that a person seeking relief under § 2254 must have already raised the same claim or claims for which he now seeks federal review in state court, and exhausted each level of review available in the state system, it should not be overly burdensome for the petitioner to describe those same claims with sufficient specificity to allow the federal court tasked with the job of screening his petition to determine whether a claim cognizable under § 2254 has been stated. This is not too much to expect of a petitioner before the respondent is ordered to undertake the task of filing an answer to the petition containing copies of all or almost all of the pleadings, hearing transcripts, and briefs filed in what is often a lengthy state court proceeding. Generally, this task is made significantly less difficult by attaching a copy of the state court decision or decisions that rejected the petitioner's claims, as the prescribed form petition that can be found at the Eastern District of Wisconsin website requires.

Based on the foregoing, the petition is dismissed. The dismissal is without prejudice, however, and Petitioner will be granted leave to file an amended petition on or before December 27, 2021. In his amended petition, Petitioner must allege enough supporting facts to support each claim so that the respondent has some notice of what the claim is and the Court can determine whether it merits going forward. Failure to do so will result in dismissal of the action with prejudice.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner file an amended petition on or before December 27, 2021. Failure to do so will result in the dismissal of the action with prejudice.

Dated at Green Bay, Wisconsin this 29th day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
